UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST MUTUAL GROUP, LP,

    Plaintiff,

v.                                                     Case No:  2:14-cv-492-FtM-38CM

BRIAN DAVID FIRESTONE,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court *sua sponte* on review of the file. Plaintiff First Mutual Group, LP initiated this action on August 25, 2014, by filing an original complaint against Defendant Brian David Firestone. (Doc. #1). Thereafter, the Court dismissed the original complaint without prejudice because federal jurisdiction was not properly alleged within the original complaint. (Doc. #3). The Court gave First Mutual Group a September 11, 2014, deadline to file an amended complaint that properly alleges federal jurisdiction. (Doc. #3). Thereafter, First Mutual Group filed two amended complaints before September 11, 2014. (Doc. #5; Doc. #6). The latter amended complaint, (Doc. #6), properly alleges federal jurisdiction.

Then, without consent from Firestone[2] or leave from the Court, on October 17, 2014, First Mutual Group filed two more amended complaints. (Doc. #12; Doc. #13). This

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] To date, Firestone has not appeared in this action.

is problematic because pursuant to Rule 15(a)(1) a party may amend its pleading only once as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading is required, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, pursuant to Rule 15(a)(2), "*[i]n all other cases*, a party may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Here, First Mutual Group has not served a complaint, at least no service is reflected on the docket, and no responsive pleading is required at this time. Thus, in this situation any new amended complaint filed on the docket should comply with Rule 15(a)(2). But here, First Mutual Group did not have consent from Firestone or leave from the Court to file its two additional amended complaints on October 17, 2014. Rather than striking the latest complaint, the Fourth Amended Complaint, (Doc. #13), the Court will remind First Mutual Group of Rule 15 and deem the Fourth Amended Complaint as the operative complaint in this action.

Accordingly, it is now **ORDERED:**

Plaintiff First Mutual Group, LP is hereby **warned** that all future amended complaints filed in this action must comply with Rule 15, otherwise the Court may strike the additional complaint without notice or impose other sanctions. First Mutual Group is directed to comply with all Federal Rules of Civil Procedure and Middle District of Florida Local Rules going forward in this proceeding.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record