UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIRST MUTUAL GROUP, LP,

    Plaintiff,

v.                                     Case No: 2:14-cv-492-FtM-38CM

BRIAN DAVID FIRESTONE,

    Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss Fourth Amended Complaint for Failure to State a Claim or, in the alternative, for More Definite Statement, Motion to Strike Claim for Attorney's Fees and Costs (Doc. #18) filed on March 10, 2015. Although given the opportunity, Plaintiff Mutual First Group, LP did not respond. This matter is ripe for review.

**Background**

Plaintiff First Mutual Group, LP initiated this action on August 25, 2014. (Doc. #1). First Mutual Group filed a Fourth Amended Complaint, the operative complaint, against Defendant Brian David Firestone on October 17, 2014. (Doc. #13). According to the operative complaint, Firestone appraised a specific Cape Coral real property to be worth $690,000. (Doc. #13, at 2). At the time of Firestone's appraisal, the real property was

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

worth between $470,000 and $500,000. (Doc. #13, at 2). Firestone knew his appraisal was grossly inaccurate. (Doc. #13, at 2-3).

WIM, a lender, used Firestone's appraisal to approve a $130,000 real property loan. (Doc. #13, at 2). If WIM knew the correct value of the real property it would have rejected the loan. (Doc. #13, at 3). In light of the incorrect appraisal, WIM was damaged because the real property was foreclosed on, WIM received no funds from the foreclosure, and the loan balance remains due and owing. (Doc. #13, at 3).

After First Mutual Group became the owner of the underlying loan, by acquiring the loan assets and liabilities from WIM, it discovered potential errors in the appraisal process especially pursuant to the Uniform Standards of Professional Practice. (Doc. #13, at 3). First Mutual Group alleges three counts against Firestone: breach of contract (Count I); negligence (Count II); and gross negligence (Count III). (Doc. #13, at 7-10). First Mutual Group seeks attorney's fees and costs, especially as it relates to Count I. (Doc. #13, at 8, 11). It appears that Florida law governs this diversity action.[2]

**Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss an action pursuant to the failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Bedasee v. Fremont Inv. & Loan, 2:09-CV-111-FTM29SPC, 2010 WL 98996, at *1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S.

---

[2] The Court does not have the benefit of reviewing the underlying contract to see if there is a choice of law provision. Since the real property at issue is located in Florida and Firestone asserts Florida law applies, it appears to the Court that Florida law governs this diversity action.

403, 406 (2002)). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.,* 540 F.3d 1270, 1274 (11th Cir.2008) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Bedasee,* 2010 WL 98996, at *1 (citing *Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Brown v. Crawford Cnty,* 960 F.2d 1002, 1009-10 (11th Cir.1992)).

## Discussion

*A. Count I – Breach of Contact*

Firestone argues First Mutual Group fails to properly allege the necessary elements of a breach of contract claim. Specifically, Firestone argues First Mutual Group does not allege there was a contract between WIM and Firestone. Firestone argues the operative complaint does not demonstrate whether First Mutual Group acquired the rights of a contract between WIM and Firestone. Firestone also argues a more definite statement is needed.

In order to properly allege a breach of contract claim in Florida, a party must allege the existence of a contract, the breach of the contract, and the damages resulting from the breach. *Degutis v. Fin. Freedom, LLC,* 978 F. Supp. 2d 1243, 1258 (M.D. Fla. 2013)

(citing Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). Here, First Mutual Group alleges all necessary elements. First Mutual Group asserts there was a contract between WIM and Firestone, the contract was materially breached, and First Mutual Group was damaged as result of the breach. (See Doc. #13, at 7-8). Additionally, First Mutual Group alleges it acquired all rights from the contract between WIM and Firestone. (Doc. #13, at 7). As a result, the Court finds First Mutual Group has sufficiently alleged a breach of contract claim. A more definite statement is not needed. Firestone's motion is due to be denied on this issue.

    *B. Count II – Negligence*

Firestone argues First Mutual Group fails to properly allege a short and plain statement of the claims or facts supporting the negligence elements. Firestone asserts First Mutual Group fails to demonstrate how he may owe First Mutual Group rather than WIM. In addition, relying on a case called Cooper, Firestone asserts an appraiser for a mortgage loan transaction is not liable to a third party for a negligent misrepresentation. See Cooper v. Brakora & Assocs., Inc., 838 So.2d 679 (Fla. 2d DCA 2003). Lastly, since First Mutual Group alleges Firestone intentionally misrepresented the value of the property, Firestone argues such intentional language negates a claim for negligence.

In order to properly allege a negligent claim in Florida, a party must allege duty, breach, causation, and damages. Williams v .Nat'l Freight, Inc., 455 F. Supp. 2d 1335, 1337 (M.D. Fla. 2006) (citing Superior Garlic Intern. v. E & A Corp., 913 So.2d 645, 648 (Fla. 3d DCA 2005)). Here, First Mutual Group alleges all necessary elements. First Mutual Group alleges Firestone had an "obligation" and acted negligently with regard to the "obligation" by failing to comply with industry standards and relevant statutes. (See

Doc. #13, at 9). First Group Mutual also alleges Firestone's actions caused it to be damaged. (See Doc. #13, at 9).

The Court finds Firestone's third party argument to be unpersuasive. Unlike the facts in Cooper, First Mutual Group is not a third party beneficiary to the mortgage loan transaction. Rather, First Mutual Group acquired WIM rights as they relate to the appraisal. Thus, according to the allegations, First Mutual Group now stands in WIM's position as if it was the original lender relying on Firestone's appraisal. Furthermore, although the Court finds First Mutual Group's intentional language to be contradictory, the language as used here does not negate the overall negligence claim. Overall, the Court finds First Mutual Group has sufficiently alleged a negligence claim. A more definite statement is not needed. Firestone's motion is due to be denied on this issue.

*C. Count III – Gross Negligence*

Firestone adopts the same dismissal arguments it argued in relation to the negligence claim, Count II, for the instant gross negligence claim, Count III.

In order to properly allege a gross negligence claim in Florida, a party must allege circumstances that demonstrate an imminent danger amounting to more than the normal and usual peril, knowledge or awareness of the imminent danger, and an act of omission occurring in a manner which evinces a conscious disregard of the consequences. Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1117 (M.D. Fla. 2013) (citing Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1294 (M.D. Fla. 2003)). Here, First Mutual Group's gross negligence claim is identical to its negligence claim. (Cf. Doc. #13, at 8-9; Doc. #13, at 9-10). The allegations do not demonstrate an imminent danger, knowledge of such imminent danger, or a conscious disregard of the consequences. As

a result, the Court finds First Mutual Group has failed to sufficiently allege a gross negligence claim. Firestone's motion is due to be granted on this issue but not pursuant to Firestone's specific arguments.

   D. *Attorney's Fees and Costs*

Firestone argues First Mutual Group's claim for attorney's fees and costs should be eliminated. Firestone argues First Mutual Group fails to plead any basis for attorney's fees or costs. The Court disagrees. Attorney's fees and costs are commonly awarded in breach of contract cases when the contract provides such a remedy. See generally Bessey v. Difilippo, 951 So.2d 992 (Fla. 1st DCA 2007). Additionally, in Florida the prevailing party in negligence matters are commonly awarded attorney's fees. Id. at 995. The Court is unwilling to dismiss the request for attorney's fees and costs at this jucture, (Doc. #13, at 8), without reviewing the contract or knowing who will prevail.

Accordingly, it is now **ORDERED**:

Defendant's Motion to Dismiss Fourth Amended Complaint for Failure to State a Claim or, in the alternative, for More Definite Statement, Motion to Strike Claim for Attorney's Fees and Costs (Doc. #18) is **GRANTED in part** and **DENIED in part**.

1. The motion is GRANTED in that Count III is hereby DISMISSED without prejudice.
2. The motion is DENIED in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of April, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record